# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **THOMAS J. BRADY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | No.  **3:26-CV-01233-LS** |
| | § | |
| **VANDERBILT MORTGAGE &** | § | |
| **FINANCE,** | § | |
| | § | |
| *Defendant.* | § | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Thomas Brady moves for a temporary restraining order ("TRO") enjoining a foreclosure sale of his primary residence. A party seeking a TRO must show:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.[1]

A party seeking an *ex parte* TRO must also "certif[y] in writing any efforts made to give notice and the reasons why it should not be required."[2]

Plaintiff faces irreparable harm: the imminent sale of his residence. Also, because the foreclosure sale is nonjudicial, there appears to be no state court proceeding preventing the Court from enjoining the foreclosure sale under the Anti-Injunction Act.[3] However, Plaintiff did not file proof of service until July 6, 2026. The motions were therefore premature until just one day before

---

[1] *Texas Trib. v. Caldwell Cnty.*, 121 F.4th 520, 525 (5th Cir. 2024).

[2] Fed. R. Civ. P. 65(b)(1)(B).

[3] *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

the scheduled foreclosure sale. Insofar as Plaintiff seeks *ex parte* relief, the motions do not describe any efforts to give notice or reasons why notice should not be required. Finally, "[p]reliminary injunctions are 'extraordinary remedies.'"[4] The allegations before the Court are insufficient to conclude that Plaintiff has a substantial likelihood of success on the merits.

Plaintiff's motion for a TRO and preliminary injunction [ECF No. 7] is **DENIED** and his motion to expedite consideration [ECF No. 11] is **DENIED AS MOOT**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on July 6, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Texas Trib.*, 121 F.4th at 525.